UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ARTURO RAMIREZ,

                    Plaintiff,

    -against-

SUPERIOR ONE MANAGEMENT CORP.
d/b/a SUPERIOR APARTMENTS and d/b/a
SUPERIOR APARTMENTS MANAGEMENT,
3336 MK REALTY GROUP LLC, 374
SUPERIOR APARTMENT LLC, 609 MK
REALTY GROUP, LLC, 1201 MK REALTY
GROUP, LLC, MK REALTY GROUP, LLC,
1905 MK REALTY GROUP, LLC, 1756 MK
REALTY GROUP, LLC, 1757 MK REALTY
GROUP, LLC, 2250 SUPERIOR APARTMENT
LLC, 2720 SUPERIOR APARTMENT LLC,
711 MK REALTY GROUP, LLC, SUPERIOR
APARTMENTS, LLC, 1242 SUPERIOR
APARTMENT I LLC, 213 MK REALTY
GROUP, LLC, 685 MK REALTY GROUP,
LLC, 9039 MK REALTY GROUP, LLC,
9037 MK REALTY GROUP, LLC and
ABDUL KAHN,

                    Defendants.
-------------------------------------------------------X

Index No.: 19 Civ. 2287 (ALC)

**ANSWER TO COMPLAINT**

        Defendants Superior One Management Corp., 3336 MK Realty Group LLC, 374 Superior

Apartment LLC, 609 MK Realty Group, LLC, 1201 MK Realty Group, LLC, MK Realty Group,

LLC, 1905 MK Realty Group, LLC, 1756 MK Realty Group, LLC, 1757 MK Realty Group,

LLC, 2250 Superior Apartment LLC, 2720 Superior Apartment LLC, 711 MK Realty Group,

LLC, Superior Apartments, LLC, 1242 Superior Apartment I LLC, 213 MK Realty Group, LLC,

685 MK Realty Group, LLC, 9039 MK Realty Group, LLC, 9037 MK Realty Group, LLC and

Abdul Kahn ("Defendants"), by its attorneys, **FRANKLIN, GRINGER & COHEN, P.C.**, as

and for its answer to the Complaint, allege as follows:

        1.      The first paragraph of the Complaint sets forth that this is a civil action for

damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 206 and § 207, and as such,

contains no factual allegations; to the extent it may be read as setting forth any factual

1

allegations, Defendants deny those allegations.

2.      The second paragraph of the Complaint sets forth that this court has supplemental jurisdiction over claims arising under the New York Labor Law and as such contain legal conclusions that Defendants are not obligated to answer; to the extent it may be read as setting forth any factual allegations, Defendants deny those allegations.

3.      Defendants deny the allegations of paragraph 3 of the Complaint.

4.      Defendants deny the allegations of paragraph 4 of the Complaint.

5.      The fifth paragraph of the Complaint sets forth jurisdiction invocations that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

6.      The sixth paragraph of the Complaint sets forth jurisdiction invocations that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

7.      The seventh paragraph of the Complaint sets forth jurisdiction invocations that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the eighth paragraph of the Complaint.

9.      Defendants deny the allegations of paragraph 9 of the Complaint except admit Plaintiff was a superintendent at buildings located at 374 East 209th Street and 3336 Perry

Avenue.

10.     Defendants deny the allegations of paragraph 10 of the Complaint.

11.     Defendants deny the allegations of paragraph 11 of the Complaint.

12.     Defendants deny the allegations of paragraph 12 of the Complaint.

13.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the thirteenth paragraph of the Complaint.

14.     Defendants deny the allegations of paragraph 14 of the Complaint.

15.     Defendants deny the allegations of paragraph 15 of the Complaint.

16.     Defendants deny the allegations of paragraph 16 of the Complaint except admits that Defendant Superior One Management Corp. has an office located at 2250 Grand Concourse, Bronx, New York.

17.     Defendants admit the allegations of paragraph 17 of the Complaint.

18.     Defendants deny the allegations of paragraph 18 of the Complaint.

19.     Defendants deny the allegations of paragraph 19 of the Complaint.

20.     Defendants deny the allegations of paragraph 20 of the Complaint except admits that Defendant Superior One Management Corp. is a New York Corporation located at 2250 Grand Concourse, Bronx, New York.

21.     Defendants deny the allegations of paragraph 21 of the Complaint except admits that Defendant 3336 MK Realty Group LLC is a New York Corporation.

22.     Defendants deny the allegations of paragraph 22 of the Complaint except admits that Defendant 374 Superior Apartment LLC is a New York Corporation that owns property at 374 East 209th Street, Bronx, New York and Plaintiff worked as a superintendent for such company.

3

23.    Defendants deny the allegations of paragraph 23 of the Complaint except admits that Defendant 609 MK Realty Group, LLC is a New York Corporation that owns property at 609 Van Cortland Park Avenue, Yonkers, New York.

24.    Defendants deny the allegations of paragraph 24 of the Complaint except admits that Defendant 1201 MK Realty Group, LLC is a New York Corporation that owns property at 1201 University Ave, Bronx, New York.

25.    Defendants deny the allegations of paragraph 25 of the Complaint except admits that Defendant MK Realty Group, LLC is a New York Corporation that owns property at 1515 Selwyn Avenue, Bronx, New York.

26.    Defendants deny the allegations of paragraph 26 of the Complaint except admits that Defendant 1905 MK Realty Group, LLC is a New York Corporation that owns property at 1905 Andrews Avenue, Bronx, New York.

27.    Defendants admit the allegations of paragraph 27 of the Complaint.

28    Defendants deny the allegations of paragraph 28 of the Complaint except admits that Defendant 1757 MK Realty Group, LLC is a New York Corporation that owns property at 1757 Topping Avenue, Bronx, New York.

29.    Defendants deny the allegations of paragraph 29 of the Complaint except admits that Defendant 2250 Superior Apartment, LLC is a New York Corporation that owns property at 2250 Grand Concourse, Bronx, New York.

30.    Defendants deny the allegations of paragraph 30 of the Complaint except admits that Defendant 2720 Superior Apartment, LLC is a New York Corporation that owns property at 2720 Decatur Avenue, Bronx, New York.

31.     Defendants deny the allegations of paragraph 31 of the Complaint except admits that Defendant 711 MK Realty Group, LLC is a New York Corporation.

32.     Defendants deny the allegations of paragraph 32 of the Complaint except admits that Defendant Superior Apartment, LLC is a New York Corporation.

33.     Defendants deny the allegations of paragraph 33 of the Complaint except admits that Defendant 1242 Superior Apartment I LLC is a New York Corporation that owns property at 1242 Morris Avenue, Bronx, New York.

34.     Defendants deny the allegations of paragraph 34 of the Complaint except admits that Defendant 213 MK Realty Group LLC is a New York Corporation that owns property at 213 West Third Street, Mount Vernon, New York.

35.     Defendants admit the allegations of paragraph 35 of the Complaint.

36.     Defendants deny the allegations of paragraph 36 of the Complaint.

37.     Defendants deny the allegations of paragraph 37 of the Complaint.

38.     Defendants deny the allegations of paragraph 38 of the Complaint.

39.     Defendants deny the allegations of paragraph 39 of the Complaint.

40.     Defendants deny the allegations of paragraph 40 of the Complaint.

41.     Defendants deny the allegations of paragraph 41 of the Complaint.

42.     Defendants deny the allegations of paragraph 42 of the Complaint.

43.     The forty-third paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

44.     Defendants deny the allegations of paragraph 44 of the Complaint except admit that Plaintiff was employed by 3336 MK Realty Group, LLC and 374 Superior Apartment LLC.

45.    Defendants deny the allegations of paragraph 45 of the Complaint except admit that Plaintiff was employed by 3336 MK Realty Group, LLC and 374 Superior Apartment LLC.

46.    Defendants deny the allegations of paragraph 46 of the Complaint.

47.    Defendants deny the allegations of paragraph 47 of the Complaint.

48.    Defendants deny the allegations of paragraph 48 of the Complaint.

49.    Defendants deny the allegations of paragraph 49 of the Complaint.

50.    Defendants deny the allegations of paragraph 50 of the Complaint.

51.    Defendants deny the allegations of paragraph 51 of the Complaint.

52.    Defendants deny the allegations of paragraph 52 of the Complaint.

53.    Defendants deny the allegations of paragraph 53 of the Complaint except admit Plaintiff was employed by 374 Superior Apartment LLC as a superintendent.

54.    Defendants deny the allegations of paragraph 54 of the Complaint except admit Plaintiff was employed by 374 Superior Apartment LLC as a superintendent and performed maintenance services.

55.    Defendants deny the allegations of paragraph 55 of the Complaint.

56.    Defendants deny the allegations of paragraph 56 of the Complaint.

57.    Defendants deny the allegations of paragraph 57 of the Complaint.

58.    Defendants deny the allegations of paragraph 58 of the Complaint except admit Plaintiff was provided with an apartment of 374 East 209th Street.

59.    Defendants deny the allegations of paragraph 59 of the Complaint except admit Plaintiff performed Superintendent duties at 374 East 209th Street and 3336 Perry Avenue.

60.    Defendants deny the allegations of paragraph 60 of the Complaint.

6

61.     Defendants deny the allegations of paragraph 61 of the Complaint.

62.     Defendants deny the allegations of paragraph 62 of the Complaint.

63.     Defendants deny the allegations of paragraph 63 of the Complaint.

64.     Defendants deny the allegations of paragraph 64 of the Complaint.

65.     Defendants deny the allegations of paragraph 65 of the Complaint.

66.     Defendants deny the allegations of paragraph 66 of the Complaint.

67.     Defendants deny the allegations of paragraph 67 of the Complaint.

68.     Defendants deny the allegations of paragraph 68 of the Complaint.

69.     Defendants deny the allegations of paragraph 69 of the Complaint.

70.     Defendants deny the allegations of paragraph 70 of the Complaint.

71.     As to Paragraph 71 of the Complaint Defendant repeats and re-alleges its answers to each and every allegation contained in paragraphs 1-70 of the Complaint as if fully set forth herein.

72.     The seventy-second paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

73.     The seventy-third paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

74.     Defendants deny the allegations of paragraph 74 of the Complaint.

75.     Defendants deny the allegations of paragraph 75 of the Complaint.

76.     As to Paragraph 76 of the Complaint Defendant repeats and re-alleges its answers

to each and every allegation contained in paragraphs 1-75 of the Complaint as if fully set forth herein.

77.     The seventy-seventh paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

78.     Defendants deny the allegations of paragraph 78 of the Complaint.

79.     Defendants deny the allegations of paragraph 79 of the Complaint.

80.     Defendants deny the allegations of paragraph 80 of the Complaint.

81.     As to Paragraph 81 of the Complaint Defendant repeats and re-alleges its answers to each and every allegation contained in paragraphs 1-80 of the Complaint as if fully set forth herein.

82.     The eighty-second paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

83.     Defendants deny the allegations of paragraph 83 of the Complaint.

84.     Defendants deny the allegations of paragraph 84 of the Complaint.

85.     Defendants deny the allegations of paragraph 85 of the Complaint.

86.     Defendants deny the allegations of paragraph 86 of the Complaint.

87.     As to Paragraph 87 of the Complaint Defendant repeats and re-alleges its answers to each and every allegation contained in paragraphs 1-88 of the Complaint as if fully set forth herein.

88.     The eighty-eighth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any

allegations of fact, Defendants deny those allegations.

89.     Defendants deny the allegations of paragraph 89 of the Complaint.

90.     Defendants deny the allegations of paragraph 90 of the Complaint.

91.     As to Paragraph 91 of the Complaint Defendant repeats and re-alleges its answers to each and every allegation contained in paragraphs 1-90 of the Complaint as if fully set forth herein.

92.     The ninety-second paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

93.     Defendants deny the allegations of paragraph 93 of the Complaint.

94.     Defendants deny the allegations of paragraph 94 of the Complaint.

95.     As to Paragraph 95 of the Complaint Defendant repeats and re-alleges its answers to each and every allegation contained in paragraphs 1-94 of the Complaint as if fully set forth herein.

96.     The ninety-sixth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

97.     The ninety-seventh paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

98.     Defendants deny the allegations of paragraph 98 of the Complaint.

99.     Defendants deny the allegations of paragraph 99 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

100.   The Complaint fails to state any claims by Plaintiff against Defendant upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

101.   Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods and/or by the doctrine of laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

102.   Defendant did not engage in willful conduct in violation of the FLSA and, at all times relevant to this action, acted in good faith and based upon a reasonable belief that its acts or omissions were not in violation of the FLSA.  Accordingly, pursuant to the FLSA, Plaintiff's statute of limitations is two years, and Plaintiff's claims are barred by the statute of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

103.   Upon information and belief, Plaintiff's claims are barred, in whole or in part, pursuant to the Portal to Portal Act, 29 U.S.C. § 254, the Commuting Flexibility Act and/or corresponding regulations on the basis that Plaintiff is seeking compensation for "preliminary" or "postliminary" activities such as traveling to and/or from work, commuting to and/or from work or other actives incidental to his principal activities or is seeking compensation for activities which are not work pursuant to Federal law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

104.   Plaintiff's claims are barred, in whole or in part, by equitable defenses, including the doctrines of equitable estoppel, waiver and/or unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

105.   Plaintiff is not entitled to liquidated damages because Defendant acted in good

faith and had reason to believe its actions and/or omissions did not willfully violate federal and/or state law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

106.    Defendant has not required Plaintiff to suffer or permit to work under the FLSA and/or the New York Labor Law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

107.    Any and all damages Plaintiff allegedly sustained resulted from, or were proximately caused by, the acts, omissions or other culpable conduct of third parties over whom Defendant had no control.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

108.   The damages allegedly suffered by Plaintiff were caused in whole or in part by, Plaintiff's own negligence, fraudulent, improper, unlawful and/or culpable conduct or omissions and therefore Plaintiff's claim is therefore barred or diminished in the proportion that such conduct or omissions bears to the total culpable conduct causing the alleged damages.

### AND FOR A TENTH AFFIRMATIVE DEFENSE

109.   Plaintiff as a janitor is exempt from the overtime provisions of the New York Labor Law pursuant to such law and the regulations promulgated thereunder.

### AS AND FOR AN ELVENTH AFFIRMATIVE DEFENSE

110.    Plaintiffs are not entitled to recover any damages pursuant to New York Labor Law §198 for alleged failure to provide a wage statement on the basis that Defendants have satisfied all the requirements set forth under the statue and/or have paid all wages legally required.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

111.    Plaintiffs are not entitled to recover any damages pursuant to New York Labor Law §198 for alleged failure to provide a wage statement on the basis that if it is found that Defendants did not satisfy its requirements under the statute, Defendants had a good faith and reasonable basis for not providing such wage statement.

## AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE

112.    In the event the Plaintiffs are entitled to recover pursuant to New York Labor Law §198 for Defendants' alleged failure to provide a wage statement, Plaintiff's damages are capped pursuant to statute.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint in its entirety.

Dated: Garden City, New York
       May 15, 2019

Respectfully submitted,

By:    /s_____

Joshua Marcus, Esq.
**FRANKLIN, GRINGER & COHEN, P.C.**
*Attorneys for Defendants*
666 Old Country Road, Suite 202
Garden City, NY 11530-2013
(516) 228-3131
Jmarcus@ franklingringer.com

To:    Marc A. Rapaport, Esq.
       **RAPAPORT LAW FIRM, PLLC**
       *Attorney for Plaintiff*
       One Penn Plaza, Suite 2430
       New York, NY 10119
       (212) 382-1600
       mrapaport@rapaortlaw.com

13